AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of ____Delaware____

UNITED STATES OF AMERICA
V.
____Brandon Wiggins____
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 08-104 M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- (1) There is probable cause to believe that the defendant has committed an offense
  for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
JUN 27 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ✓ clear and convincing evidence ✓ a preponderance of the evidence: Defendant is charged with felon in possession of a firearm. The court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community because:

**Nature o the offense:** weapons offense which is eligible to show danger. The offense falls within the more serious crimes.

**Strength of the evidence:** Defendant waived his right to a preliminary hearing and therefore the only evidence are the sworn facts contained in the criminal complaint which show that when officers attempted to stop the defendant for active capiases, he ran and in the process of fleeing removed a firearm from his waistband, ran with the gun in his hand and then discarded the weapon which was picked up by the officers giving chase. Defendant's previous criminal history shows a conviction for carrying a concealed deadly weapon in January 2008. Therefore, the elements of the weapon offense have been met.

**Defendant's history/Characteristics:** As noted above, at the time of his arrest and the present charge defendant had been previously convicted for carrying a concealed deadly weapon for which he was on state probation. For this prior conviction, a capias was issued in March for failure to appear at a VOP hearing for which he was found in violation. Another capias was issued for failure to appear at a VOP hearing on June 12.08. Defendant was found guilty for possession of MJ in August 2007. Prior to that two capiases was issued for FTA. For his juvenile convictions (defendant is 20 years old), he was convicted of criminal contempt of court in December 2006 for which an FTA was issued; convicted of criminal trespass 2d in November 2006 for which an FTA was issued and capiases for VOP (found in violation in April 2007). Defendant was also convicted in January 2005 for conspiracy 2d and within 2 months a capias was issued for VOP for which he was found in violation. Two months later, another capias was issued in May 2005 for VOP for which he was found in violation. Six months later in December 2006, another capias for a VOP was issued and defendant was convicted of VOP.

Defendant's recent and past history shows that he ignores court orders to appear and for his sentences. This court has no reason to believe that he will abide by any order for conditional release that it could issue. Evidence further shows that defendant took flight when police attempted to stop him for outstanding warrants.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| June 25, 2008 | |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).